LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| FEDERICO SANTANA, *on behalf of himself and FLSA Collective Plaintiffs,* <br><br> Plaintiff, <br><br> v. <br><br> DEJUAN STROUD, INC. and B. DEJUAN STROUD, <br><br> Defendants. | Case No.: <br><br> **COLLECTIVE ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

---

Plaintiff, FEDERICO SANTANA, (hereinafter, "Plaintiff"), on behalf of himself and FLSA Collective Plaintiffs, by and through his undersigned attorney, hereby files this Complaint against Defendants, DEJUAN STROUD, INC. and B. DEJUAN STROUD (each individually, "Defendant" or, collectively, "Defendants"), and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages due to time-shaving, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages due to time-shaving, (3) unpaid spread-of-hours premium, (4) liquidated damages and statutory penalties and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiff and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, FEDERICO SANTANA, is a resident of New York County.

6. Upon information and belief, Defendant, DEJUAN STROUD, INC., is a business corporation organized under the laws of New Jersey, with a principal place of business located at 348 West 36th Street, Ground Floor, New York, NY 10018, and an address for service of process located at 530 Prospect Avenue, Building Number One, Suite D, Little Silver, New Jersey 07739.

7. Upon information and belief, Defendant, B. DEJUAN STROUD, is the Owner and Chief Executive Officer of Defendant, DEJUAN STROUD, INC. Defendant, B. DEJUAN

STROUD exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs. With respect to Plaintiff and other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. .

8. At all relevant times, the work performed by Plaintiff and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

9. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

10. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date, that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

11. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them wages due to time-shaving and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek.

12. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be

3

provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

13. In or about January 2008, Plaintiff FEDERICO SANTANA, was hired by Defendants and/or their predecessors, as applicable, to work as an event planner helper for Defendants' event planning business located at 348 West 36th Street, Ground Floor, New York, NY 10018.

14. Plaintiff FEDERICO SANTANA worked for Defendants until on or about March 1, 2018.

15. During the employment of Plaintiff FEDERICO SANTANA, by Defendants, he regularly worked over forty (40) hours per week. During Plaintiff FEDERICO SANTANA's employment by Defendants, he worked nine (9) hours per day on weekdays and every Saturday for twelve (12) hours per day.

16. Specifically, throughout his employment, Plaintiff FEDERICO SANTANA had a varied schedule, but he usually had a work schedule of nine (9) hours per day, from 9:00 a.m. to 6:00 p.m., without any lunch break, from Monday to Friday; and on Saturdays, he had a work schedule of twelve (12) hours per day, from 8:00 a.m. to 8:00 p.m., without any meal break; for a total of fifty-seven (57) hours per week.

17. From in or about January 2012, until in or about December 31, 2013, Plaintiff SANTANA was paid an hourly rate of $18.00. From in or about January 2014, to in or about December 31,2014, Plaintiff SANTANA was paid an hourly rate of $20.00.

18. From in or about January 2015 until in or about February 2015, Plaintiff SANTANA was paid a fixed bi-weekly salary of $1,500.00. Defendant willfully violated Plaintiff

SANTANA's rights by paying him on a salary basis, in violation of the New York Labor Law, because Plaintiff SANTANA is a non-exempt employee who must be paid on an hourly basis.

19. From in or about March 2015 until in or about October 30, 2017, Plaintiff SANTANA was paid an hourly rate of $20.00. From in or about November 2017 until in or about March 1, 2018, Plaintiff SANTANA was paid an hourly rate of $25.00.

20. Throughout Plaintiff SANTANA's employment he was paid a straight-time rate for all hours worked, including all hours worked in excess of forty (40) hours each workweek.

21. Throughout Plaintiff SANTANA'S employment, Defendants would illegally cause Plaintiff to engage in off-the-clock work. Plaintiff usually worked for ten (10) or fifteen (15) minutes more, even after clocking out on his timesheet. This resulted in at least one and a half (1 1/2) hours of unpaid off-the-clock work each week. In addition, Defendants would adjust Plaintiff SANTANA's timesheets, to fraudulently reflect that Plaintiff clocks out at the exact same time each day, and any excess time would be rounded off to the nearest thirty minutes. Such time shaving policy caused a shortfall in the calculation of daily hours worked by Plaintiff.

22. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and FLSA Collective Plaintiffs the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) and compensation for all hours worked due to Defendants' policy of time-shaving work.

23. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other non-exempt employees.

5

24. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of their employment and annually thereafter, in violation of the New York Labor Law.

25. Plaintiff retained Lee Litigation Group, PLLC to represent him and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

26. Plaintiff realleges and reavers Paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206 (a) and 207 (a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206 (a) and 207 (a).

28. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

29. Upon information and belief, at all relevant times, Defendant, DEJUAN STROUD, INC., had gross revenues in excess of $500,000.

30. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours (40) per workweek.

31. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

6

32. At all relevant times, the Defendants had a policy and practice of time shaving and refusing to pay Plaintiff and FLSA Collective Plaintiffs for all their compensation earned due to off-the-clock work.

33. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

34. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

35. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

36. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

37. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages, plus an equal amount as liquidated damages.

38. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

39. Plaintiff realleges and reavers Paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

41. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half (1 ½) times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

42. Defendants willfully violated Plaintiff's rights by operating their business with a policy and practice of time shaving and refusing to pay Plaintiff for all his compensation earned due to off-the-clock work.

43. Defendants willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each workday that exceeded ten (10) or more hours.

44. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of their employment and annually thereafter, in violation of the New York Labor Law.

45. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime, unpaid wages due to time shaving, unpaid "spread of hours" premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.  An award of unpaid compensation due to a policy of time-shaving;

e.  An award of unpaid "spread of hours" premium due under the New York Labor Law;

f.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and off-the-clock work pursuant to 29 U.S.C. § 216;

g.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, off-the-clock work and "spread of hours" premium pursuant to the New York Labor Law;

h.  An award of statutory penalties, and prejudgment and post judgment interest;

i.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

9

j. Such other and further relief as this Court deems just and proper.

## <u>JURY DEMAND</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by

jury on all issues so triable as of right by jury.

Dated: April 18, 2018

     Respectfully submitted,

     By: */s/ C.K. Lee*   
      C.K. Lee, Esq. (CL 4086)


     LEE LITIGATION GROUP, PLLC
     C.K. Lee (CL 4086)
     Anne Seelig (AS 3976)
     30 East 39th Street, Second Floor
     New York, NY 10016
     Tel.: 212-465-1188
     Fax: 212-465-1181
     *Attorneys for Plaintiff and FLSA Collective Plaintiffs*