# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

FEDERICO SANTANA, *on behalf of himself and FLSA Collective Plaintiffs*,

<div style="margin-left:2em">

*Plaintiff*,

</div>

v.

DEJUAN STROUD, INC. and B. DEJUAN STROUD,

<div style="margin-left:2em">

*Defendants*.

</div>

Case 1:18-cv-03402-VSB

---

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS DEJUAN STROUD, INC. and B. DEJUAN STROUD'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

---

**SCHOEMAN UPDIKE KAUFMAN
& GERBER LLP**
551 Fifth Avenue
New York, NY 10176
(212) 661-5030
*Attorneys for Defendants,*
*DeJuan Stroud, Inc. and B. DeJuan Stoud*

On the Memorandum of Law:

    Steven Gerber, Esq.

Dated: June 25, 2018

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ............................................................................................ iii

PRELIMINARY STATEMENT ....................................................................................1

THE FACTUAL ALLEGATIONS & BACKGROUND FACTS...................................1

LEGAL ARGUMENT....................................................................................................3

POINT I

        PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED IN ITS
ENTIRETY PURSUANT TO RULE 12(b)(6) BECAUSE PLAINTIFF
FAILS TO SATISFY THE *TWOMBLY/IQBAL* PLEADING
STANDARDS.........................................................................................3

        A.    The Standards of a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss.................3

        B.    Documents Referenced in Plaintiff's Complaint, and Documents
Known to, Possessed by, or Relied Upon by Plaintiff, May be
Considered in a Rule 12(b)(6) Motion. .......................................................4

POINT II

        PLAINTIFF'S COMPLAINT FAILS TO ALLEGE PLAUSIBLE FACTS
SUFFICIENT TO STATE A CLAIM AGAINST DEJUAN STROUD,
INDIVIDUALLY, FOR VIOLATIONS OF THE FAIR LABOR
STANDARDS ACT OR THE NEW YORK LABOR LAW. ................................6

        A.    Plaintiff's Claim Against DeJuan Stroud, Individually, Must be
Dismissed As Plaintiff Fails to Plead Facially-Plausible Facts in
Support of His Claim That DeJuan Stroud Was His Employer as
Defined By the FLSA and NYLL..............................................................6

POINT III

        DEFENDANTS ARE ENTITLED TO DISMISSAL OF PLAINTIFF'S
FLSA CLAIMS BECAUSE PLAINTIFF DOES NOT SET FORTH ANY
FACTS IN SUPPORT OF HIS ALLEGATION THAT HE IS
"SIMILARLY SITUATED" TO THE PUTATUVE CLASS MEMBERS. .........11

POINT IV

        DEFENDANTS ARE ENTITLED TO DISMISSAL OF PLAINTIFF'S
NYLL CLAIMS BECAUSE PLAINTIFF CANNOT MEET THE
REQUIREMENTS OF FEDERAL RULE OF PROCEDURE 23. .......................14

        1.    <u>Numerosity</u>...............................................................................14

i

2. Commonality..............................................................................................15

3. Typicality ................................................................................................16

4. Adequacy of Representation .....................................................................17

COUNT V
THE CLAIMS IN THE COMPLAINT OF "WILLFUL" VIOLATIONS
OF THE FLSA MUST ALSO BE DISMISSED. ...................................................18

CONCLUSION ...................................................................................................................19

## **TABLE OF AUTHORITIES**

Cases

*AllGood Entm't., Inc. v. Dileo Entm't. & Touring, Inc.*,
    726 F. Supp. 2d 307 (S.D.N.Y. 2010)...............................................................................4

*Amchem Prods. V. Windsor*,
    521 U.S. 591 (1997)........................................................................................................15

*Arista Records, LLC v. Doe*,
    604 F.3d 110 (2d Cir. 2010)............................................................................................9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..............................................................................................3, 4, 8, 18

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp*.,
    222 F.3d 52 (2d Cir. 2000)..............................................................................................17

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................................3, 8, 10, 18

*Bravo v. Established Burger One, LLC*, No. 12 Civ. 9044,
    2013 U.S. Dist. LEXIS 146237, 2013 WL 5549495 (S.D.N.Y. Oct. 8, 2013)...............8, 9

*Cannon v. Douglas Elliman, LLC*, No. 06 Civ. 7092,
    2007 U.S. Dist. LEXIS 91139, 2007 WL 4358456 (S.D.N.Y. Dec. 10, 2007) .................6

*Carter v. Dutchess Cmty. Coll*.,
    735 F.2d 8 (2d Cir.1984)................................................................................................7

*Chambers v. Time Warner, Inc.*,
    282 F.3d 147 (2d Cir. 2002)............................................................................................5

*Citibank, N.A. v. Itochu Int'l, Inc.*,
    2003 U.S. Dist. Lexis 5519 (S.D.N.Y. 2003) ..................................................................4

*Consol Rail Corp. v. Hyde Park*,
    47 F.3d 473 (2d Cir. 1995).............................................................................................14

*Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.*,
    502 F.3d 91 (2d Cir. 2007).............................................................................................15

*Cortec Indus., Inc. v. Sum Holding L.P.*,
    949 F.2d 42, 47 (2d Cir. 1991),
    *cert. denied*, 503 U.S. 960 (1992).................................................................................5

*County of Suffolk v. Long Island Lighting Co.*,
  710 F. Supp. 1407 (E.D.N.Y. 1989) ...............................................................................17

*DeLuca v. AccessIT Gp., Inc.*,
  695 F.Supp.2d 54 (S.D.N.Y. 2010) .................................................................................4

*Diaz v. Consortium for Worker Educ., Inc.*, No. 10 Civ. 1848,
  2010 U.S. Dist. LEXIS 107722, 2010 WL 391028 (E.D.N.Y. Sept. 28, 2010) ................8

*Diaz v. Electronics Boutique of Am., Inc.*,
  2005 U.S. Dist. LEXIS 30382, 2005 WL 2654270 (W. Dist. N.Y.  2005) ......................12

*Donovan v. Kaszycki & Sons Contractors*, Inc.,
  599 F. Supp. 860 (S.D.N.Y. 1984) .................................................................................18

*Doo Nam Yang v. ACBL Corp.*,
  427 F. Supp. 2d 327 (S.D.N.Y. 2005).............................................................................18

*Gen. Tel of the Southwest v. Falcon*,
  457 U.S. 147 (1982)........................................................................................................16

*Gisomme v. Healthex Corp.*, No. CV 13-2541,
  2014 U.S. Dist. LEXIS 67588, 2014 WL 2041824 (E.D.N.Y. May 15, 2014) .................8

*Gregory v. Daly,*
  243 F.3d 687 (2d Cir. 2001).............................................................................................4

*Hansberry v. Lee*,
  311 U.S. 32 (1940)..........................................................................................................17

*Herman v. RSR Sec. Servs. Ltd.*,
  172 F.3d 132 (2d Cir.1999)...........................................................................................6, 7

*Hernandez v. La Cazuela de Mari Restaurant. Inc.*,
  538 F.Supp.2d 528 (E.D.N.Y. 2007) ...............................................................................7

*Hoffmann v. Sbarro, Inc.*,
  982 F. Supp. 249 (S.D.N.Y. 1997) .................................................................................11

*In re Drexel Burnham Lambert*,
  960 F.2d 285 (2d Cir. 1982)...........................................................................................16

*In re LILCO Sec. Litig.*,
  111 F.R.D. 663 (E.D.N.Y. 1986) ...................................................................................17

*In re Monster Worldwide, Inc. Sec. Litig.*,
   251 F.R.D. 132 (S.D.N.Y. 2008) ...................................................................................17

*JBC Holdings NY, LLC v. Pakter*,
   931 F. Supp. 2d 514 (S.D.N.Y. 2013)............................................................................9

*Lawrence v. City of Philadelphia*,
   2004 U.S. Dist. LEXIS 8445, 2004 WL 945139 (E.D.Pa. 2004) ....................................12

*Leeds v. Meltz*,
   85 F.3d 51 (2d Cir. 1996)...............................................................................................4

*Levinson v. Premedia Inc.*,
   2003 U.S. Dist. LEXIS 20010, 2003 WL 22533428 (S.D.N.Y. 2003)............................13

*Lopez v. Acme American Environmental Co., Inc.*, No. 12 Civ. 511(WHP),
   2012 U.S. Dist. LEXIS 173290, 2012 WL 6062501 (S.D.N.Y. Dec. 6, 2012) ..............6, 7

*Luque v. AT&T Corp.*, No. C 09-05885 CRB,
   2010 U.S. Dist. LEXIS 126545, 2010 WL 4807088 (N.D. Cal Nov. 19, 2010) .........11, 12

*Marisol A. v. Giuliani*,
   126 F.3d 372 (2d Cir. 1997)...........................................................................................16

*McLaughlin v. Richland Shoe Co.*,
   486 U.S. 128 (1988).......................................................................................................18

*McNeill v. New York City Hous. Auth.*,
   719 F. Supp. 233 (S.D.N.Y. 1989) ................................................................................14

*McNight v. Dormitory Auth. of State of N.Y.*,
   995 F. Supp. 705 (N.D.N.Y. 1998).................................................................................5

*Moon v. Kwon*,
   248 F.Supp.2d 201 (S.D.N.Y. 2002)...............................................................................7

*Moore v. PaineWebber, Inc.*,
   306 F.3d 1247 (2d Cir. 2002).........................................................................................15

*Nakahata v. New York-Presbyterian Healthcare Sys.*,
   Nos. 11 Civ. 6658, 11 Civ. 6657, 11 Civ. 6366,
   2012 U.S. Dist. LEXIS 127824, 2012 WL 3886555 (S.D.N.Y. Sept. 6, 2012)..................9

*Papasan v. Allain*,
   478 *U*.S. 265 (1986).......................................................................................................4

v

*Perez v. Westchester Foreign Autos, Inc.*, No. 11 Civ. 6091(ER),
    2013 U.S. Dist. LEXIS 35808, 2013 WL 749497 (S.D.N.Y. Feb. 28, 2013)....................7

*Realite v. Ark Restaurants Corp.*,
    7 F. Supp. 2d 303 (S.D.N.Y. 1998) ...............................................................11

*Robidoux v. Celani*,
    987 F.2d 931 (2d Cir. 1993)..........................................................................14

*Rothman v. Gregor,*
    220 F.3d 81 (2d Cir. 2000)............................................................................4

*Sosna v. Iowa*,
    419 U.S. 393 (1975)......................................................................................17

*Starr v. Sony BMG Music Entm't.,*
    592 F.3d 314 (2d Cir. 2010)..........................................................................4

*Thomas v. Westchester Cnty. Health Care Corp.*,
    232 F. Supp. 2d 273 (S.D.N.Y. 2002)............................................................5

*Tracy v. NVR, Inc.*,
    667 F.Supp.2d 244 (W.D.N.Y. 2009).........................................................8, 9

*Vaughan v. Mortg. Source LLC*, No. CV 08-4737 (LDW) (AKT),
    2010 U.S. Dist. LEXIS 36615, 2010 WL 1528521 (E.D.N.Y. Apr. 14, 2010) .............12

*Wagner v. Barrick Gold Corp.*,
    251 F.R.D. 112, 2008 U.S. Dist. LEXIS 15811, 2008 WL 465115
    (S.D.N.Y. Feb. 15, 2008) ..............................................................................17

*Young v. Cooper Cameron Corp.*,
    586 F.3d 201 (2d Cir. 2009)...........................................................................18

*Zheng v. Liberty Apparel Co.*,
    355 F.3d 61 (2d Cir. 2003)..............................................................................7

*Zhong v. August August Corp.*,
    498 F.Supp.2d 625 (S.D.N.Y. 2007)..............................................................11

<u>Federal Statutes & Rules</u>

Fed. R. Civ. P. 12(b)(6)............................................................................ *passim*

Fed. R. Civ. P. Rule 23(a).............................................................................14

Fed. R. Civ. P. 23(a)(1)................................................................................14

Fed. R. Civ. P. 23(a)(3) ........................................................................................16

Fed. R. Civ. P. 23(a)(4) ........................................................................................17

Fed. R. Civ. P. 23(b)(3) .....................................................................................1, 15

Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* ............................... *passim*

29 U.S.C. § 203(d) ..................................................................................................6

29 U.S.C. §§ 203(a), (d) ..........................................................................................6

29 U.S.C. § 255(a) ................................................................................................18

5 C.F.R. § 551.104 ................................................................................................18

<u>State Statutes & Rules</u>

New York Labor Law ("NYLL"), § 650 *et seq.* ................................................ *passim*

N.Y. Lab. Law § 651(5) ...........................................................................................6

## PRELIMINARY STATEMENT

Plaintiff Frederico Santana's (hereinafter, "Plaintiff") brings wage and hour claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law.  His FLSA claim is cast as a putative collective class action.  His New York Labor Law claim is apparently cast as a Rule 23(b)(3), Fed. R. Civ. P. class action.  Defendants B. DeJuan Stroud and DeJuan Stroud, Inc. (collectively referred to as "Defendants") respectfully move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Plaintiff's Complaint is replete with and contains only unsupported, conclusory, and disingenuous allegations upon which Plaintiff does not and cannot state a claim for relief on the various alleged causes of action.  Among the deficiencies are Plaintiff's failure to allege plausible facts demonstrating that B. DeJuan Stroud, individually, is an "employer" as defined under the FLSA, 29 U.S.C. § 201 *et seq*. and the New York Labor Law ("NYLL"), § 650 *et seq*.  Plaintiff also does not allege a single plausible fact that he is "similarly situated" to the proposed FLSA collective class or the proposed Rule 23 NYLL claims class.  Plaintiff also does not plead any plausible facts sufficient to state a claim for a class action nor any of the elements under Rule 23: numerosity, commonality, typicality or even Plaintiff's adequacy as a class representative.  Additionally, Plaintiff's Complaint does not adequately allege any facts supporting his claim that the FLSA or the NYLL was "wilfully" violated by either of the Defendants.  For the reasons that follow, Defendants DeJuan Stroud, Inc. and B. DeJuan Stroud (collectively referred to as "Defendants") respectfully submit that this Court should enter an Order dismissing Plaintiff's Complaint with prejudice.

## THE FACTUAL ALLEGATIONS & BACKGROUND FACTS

DeJuan Stroud, Inc. (the "Company") is a small floral and event design company that, in relevant part, designs corporate events, weddings and parties.  B. DeJuan Stroud is one of two

shareholders of the Company as well as its chief designer. During the relevant time period, Plaintiff Frederico Santana was at times employed by the Company as an event support staffer.  In that capacity, Plaintiff assisted the Company's warehouse managers in preparing for events, loading and unloading trucks, set-up and breakdown on an as needed basis.  *See* accompanying Declaration of Pam Taylor ("Taylor Dec."), ¶¶ 3-6.  *See* note 3, *infra*.

Between 2016 and the present, the Company has employed between 18 and 22 persons including DeJuan Stroud.  Of these, there is one full-time, non-exempt, non-clerical employee doing the types of activities similar to Plaintiff.  Due to the episodic and seasonal nature of the business, the Company employs persons such as Plaintiff on an as-needed basis.  Taylor Dec., ¶¶ 4.

The Company's employees include two warehouse managers.  Depending on the event, one of the two warehouse managers is assigned to supervise the event production.  Each warehouse manager is responsible for staffing the event.  It is within the discretion of the warehouse managers to determine which employees will be assigned to a given event.  Each event is supervised by one of the two warehouse managers and the employees hired as event support staff vary from event to event depending on the time needed to construct and breakdown the event décor.  Taylor Dec., ¶ 6-7.

**LEGAL ARGUMENT**

**POINT I**

**PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY PURSUANT TO RULE 12(b)(6) BECAUSE PLAINTIFF FAILS TO SATISFY THE *TWOMBLY/IQBAL* PLEADING STANDARDS.**

**A.     The Standards of a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss.**

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555-56; *see also Iqbal*, 556 U.S. at 678-79.

While the pleading need not allege "'detailed factual allegations,'" it must do more than make an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678.

"Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[;] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (internal citations omitted). "[B]ald contentions, unsupported characterizations, and legal

3

conclusions are not well-pleaded allegations, and will not suffice to defeat a motion to dismiss." *Citibank, N.A. v. Itochu Int'l, Inc.*, 2003 U.S. Dist. Lexis 5519, *1-*2 (S.D.N.Y. 2003) (citing *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996)). *See also Gregory v. Daly*, 243 F.3d 687, 692 (2d Cir. 2001) ("[A] simple declaration that defendant's conduct violated the ultimate legal standard at issue ... does not suffice"); *Papasan v. Allain*, 478 *U.S.* 265, 286 (1986) (court is "not bound to accept as true a legal conclusion couched as a factual allegation.")

In reviewing a motion to dismiss, a court should accept well-pleaded facts as true and determine whether they "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. However, "'[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,' [] dismissal is appropriate." *AllGood Entm't., Inc. v. Dileo Entm't. & Touring, Inc.*, 726 F. Supp. 2d 307, 313 (S.D.N.Y. 2010) (citing *Starr v. Sony BMG Music Entm't.*, 592 F.3d 314, 321 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679)).

### B.   Documents Referenced in Plaintiff's Complaint, and Documents Known to, Possessed by, or Relied Upon by Plaintiff, May be Considered in a Rule 12(b)(6) Motion.

For purposes of a motion to dismiss, the Second Circuit Court of Appeals has "deemed a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference and . . . documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit."[1] *Rothman v. Gregor*, 220 F.3d 81, 88-89 (2d Cir. 2000). Even if the complaint does not explicitly refer to a document, a document may be attached to a Rule 12(b)(6) motion without converting it to a summary judgment motion

---

[1]      A document is "incorporated by reference" when the complaint makes a "clear, definite and substantial reference to the document," and is "integral" when the plaintiff has "actual notice of the extraneous information" and "relied upon [it] in framing the complaint." *DeLuca v. AccessIT Gp., Inc.,* 695 F.Supp.2d 54, 60 (S.D.N.Y. 2010).

where a plaintiff's claims are predicated upon it.  *See Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991) *cert. denied,* 503 U.S. 960 (1992)).[2]  "Where plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint[,] the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated."  *Id.* at 48.

Thus, "a 'defendant may introduce pertinent [documents] as part of [its] motion attacking the pleadings' if plaintiff has failed to either attach to the complaint or incorporate by reference documents upon which it relies on in the complaint."  *See McNight v. Dormitory Auth. of State of N.Y.*, 995 F. Supp. 70, 74-75 (N.D.N.Y. 1998) (citing *Cortec,* 949 F.2d at 47).  For example, in *Thomas v. Westchester Cnty. Health Care Corp.*, 232 F. Supp. 2d 273, 276 (S.D.N.Y. 2002), the district court considered a transcript and report of disciplinary proceedings in an employment discrimination action, where the claim of unlawful conduct was based upon the instigation of disciplinary proceedings and the enforcement of the punishment recommended under those proceedings, and where the authenticity of documents was not disputed and were, thus, deemed integral to the complaint.[3]

---

[2]  *See also Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002) ("where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint").

[3]  Even if, *arguendo*, this Court chooses not to consider the accompanying Taylor Dec., this 12(b)(6) motion nevertheless should be granted.  The Taylor Dec. provides background about the Company and is not essential to the Court's review of the merely "talismanic recitation" of boilerplate allegations in the Complaint.

**POINT II**

**PLAINTIFF'S COMPLAINT FAILS TO ALLEGE
PLAUSIBLE FACTS SUFFICIENT TO STATE A CLAIM
AGAINST DEJUAN STROUD, INDIVIDUALLY, FOR
VIOLATIONS OF THE FAIR LABOR STANDARDS ACT OR
THE NEW YORK LABOR LAW.**

Although Defendants vehemently deny all allegations of wrongdoing, for purposes of this
motion to dismiss only, Defendants acknowledge the Court will accept as true only the well-
pleaded factual allegations of Plaintiff's Complaint.  Even then, Plaintiff's Complaint is devoid of
facially plausible facts in support of critical elements of his claims.

**A.     Plaintiff's Claim Against DeJuan Stroud, Individually, Must be Dismissed As
Plaintiff Fails to Plead Facially-Plausible Facts in Support of His Claim That
DeJuan Stroud Was His Employer as Defined By the FLSA and NYLL.**

"To be liable under the FLSA and NYLL, a person must be an 'employer.'"  *Lopez v. Acme
American Environmental Co., Inc*., No. 12 Civ. 511(WHP), 2012 U.S. Dist. LEXIS 173290, at *3
2012 WL 6062501 (S.D.N.Y. Dec. 6, 2012) (citing *Herman v. RSR Sec. Servs. Ltd*., 172 F.3d 132,
139 (2d Cir.1999)).  The FLSA defines an employer as "any person acting directly or indirectly in
the interest of an employer in relation to an employee," 29 U.S.C. § 203(d).  The FLSA's definition
of "employer" encompasses "an individual, partnership, association, corporation, business trust,
legal representative, or any organized group of persons."  See 29 U.S.C. §§ 203(a), (d).  The
NYLL's definition of "employer" includes "any individual, partnership, association, corporation,
limited liability company, business trust, legal representative, or any organized group of persons
acting as employer." N.Y. Lab. Law § 651(5).[4]

---

[4]      Because the FLSA and NYLL employ similar standards with respect to employment status,
the economic reality test has been used to analyze both FLSA and New York State law wage and
hour claims.  *Cannon v. Douglas Elliman, LLC*, No. 06 Civ. 7092, 2007 U.S. Dist. LEXIS 91139,
at *9, 2007 WL 4358456 (S.D.N.Y. Dec. 10, 2007).

"Courts have consistently held that 'a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'" *Hernandez v. La Cazuela de Mari Restaurant. Inc.*, 538 F.Supp.2d 528, 534 (E.D.N.Y. 2007) (quoting *Moon v. Kwon*, 248 F.Supp.2d 201, 237 (S.D.N.Y. 2002)).

"The 'overarching concern' in determining whether an individual or entity is an 'employer' is whether the individual or entity 'possessed the power to control the workers in question, with an eye to the economic reality presented by the facts of each case.'" *See Lopez*, 2012 U.S. Dist. LEXIS 173290, at *7 - *8, 2012 WL 6062501 (quoting *Herman*, 172 F.3d at 139 (internal quotation marks and citations omitted)). "Thus, an entity [or a person] may be held liable under the FLSA as an employer if, as a matter of 'economic reality,' the entity [or person] functions as an individual's employer." *Perez v. Westchester Foreign Autos, Inc*., No. 11 Civ. 6091(ER), 2013 U.S. Dist. LEXIS 35808, at *17, 2013 WL 749497 (S.D.N.Y. Feb. 28, 2013) (citing *Zheng v. Liberty Apparel Co*., 355 F.3d 61, 66 (2d Cir. 2003)).

The Second Circuit has delineated a four factor "economic reality" test for determining whether an alleged employer exercised sufficient control over an employee:  "[T]he relevant factors include 'whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Herman*, 172 F.3d at 139 (quoting *Carter v. Dutchess Cmty. Coll*., 735 F.2d 8, 12 (2d Cir.1984).  A court may also consider any other factors it deems relevant to this issue. *Zheng v. Liberty Apparel Co*., 355 F.3d 61, 71-72 (2d Cir. 2003).

Consistent with the dictates of *Twombly-Iqbal* and their progeny, the District Courts in this Circuit have held that mere "boilerplate" allegations that an individual meets the various prongs of the economic reality test are insufficient to survive a motion to dismiss. *See, e.g., Diaz v. Consortium for Worker Educ., Inc.*, No. 10 Civ. 1848, 2010 U.S. Dist. LEXIS 107722, at *11, 2010 WL 391028 (E.D.N.Y. Sept. 28, 2010); *Tracy v. NVR, Inc*., 667 F.Supp.2d 244, 247 (W.D.N.Y. 2009).

Here, with respect to the allegation that Plaintiff was employed by B. DeJuan Stroud, Plaintiff alleges no specific facts, aside from a talismanic recitation of the elements of the "economic reality test".   More specifically, in paragraph 7 of Plaintiff′s Complaint, it is alleged, "upon information and belief," that B. DeJuan Stroud "exercised control over the terms and conditions of Plaintiff′s employment and those of FLSA Collective Plaintiffs. . .  . [and,] [w]ith respect to Plaintiff and other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment." Plaintiff′s Complaint, ¶7.   Clearly, the Complaint does not adequately plead that Plaintiff was employed by B. DeJuan Stroud.

Plaintiff′s allegations that Mr. Stroud had the power to hire, fire, determine rate and method of pay, set employee schedules and otherwise affect the quality of Plaintiff′s employment, are conclusory and thus are inadequate to establish that Mr. DeJuan was an employer, as several District Courts in the Second Circuit have held. *See Gisomme v. Healthex Corp*., No. CV 13-2541, 2014 U.S. Dist. LEXIS 67588, at *10-*11, 2014 WL 2041824 (E.D.N.Y. May 15, 2014) ("[P]laintiffs' conclusory allegations of Kearney's operational involvement and control of HealthEx and Courier and his alleged general power over various employment decisions are not sufficient to establish Kearney's status as plaintiffs' employer."); *Bravo v. Established Burger One,*

8

*LLC,* No. 12 Civ. 9044, at *19, 2013 U.S. Dist. LEXIS 146237, 2013 WL 5549495 (S.D.N.Y. Oct. 8, 2013) (explaining that plaintiffs failed to plead a claim because they alleged no "specific facts, aside from the elements of the 'economic reality test'"); *Nakahata v. New York-Presbyterian Healthcare Sys.*, Nos. 11 Civ. 6658, 11 Civ. 6657, 11 Civ. 6366,  2012 U.S. Dist. LEXIS 127824, at *36-*37, 2012 WL 3886555 (S.D.N.Y. Sept. 6, 2012) ("These allegations are 'nothing more than conclusory allegations designed to satisfy the economic reality test.'"); *Diaz v. Consortium for Worker Educ., Inc.*, No. 10 Civ. 1848, 2010 U.S. Dist. LEXIS 107722, at *10, 2010 WL 391028 (E.D.N.Y. Sept. 28, 2010) (complaint "contained no facts that indicate that [defendant] had any direct role in managing the plaintiffs, hiring or firing the plaintiffs, determining their working hours, or maintaining employment records."); *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) ("I find that mere boilerplate allegations that an individual meets the various prongs of the economic reality test stated solely upon information and belief and without any supporting details . . . are insufficient.").

Secondly, Plaintiff's allegations that Mr. Stroud exercised the control to hire, fire, determine rate and method of pay, set employee schedules and otherwise affect the quality of employment are based only upon "information and belief."   See Complaint, ¶7.  Allegations based upon information and belief are adequate only if the relevant knowledge is solely within the possession of the opposing party or the plaintiff makes additional allegations that demonstrate the basis for the belief.  *Arista Records, LLC v. Doe*, 604 F.3d 110, 120 (2d Cir. 2010); *JBC Holdings NY, LLC v. Pakter*, 931 F. Supp. 2d 514, 526-27 (S.D.N.Y. 2013).  Neither of these scenarios exist here. Plaintiff should have direct, personal knowledge of whether Mr. Stroud hired him and set his wages and other terms of employment, or should at least be able to allege facts supporting his

belief that Mr. Stroud hired him and set his wages and other terms of employment. He has failed to do so and that failure speaks volumes.

　　　As the foregoing demonstrates, Plaintiff has failed to include factual allegations sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. The factual allegations in the Complaint are simply not sufficient to show that B. DeJuan Stroud meets the FLSA and NYLL's definition of "employer.".　For this reason alone, all of Plaintiff's claims against B. DeJuan Stroud, individually, must be dismissed with prejudice.

<div align="center">

**POINT III**

**DEFENDANTS ARE ENTITLED TO DISMISSAL OF PLAINTIFF'S FLSA CLAIMS BECAUSE PLAINTIFF DOES NOT SET FORTH ANY FACTS IN SUPPORT OF HIS ALLEGATION THAT HE IS "SIMILARLY SITUATED" TO THE PUTATUVE CLASS MEMBERS.**

</div>

A FLSA collective action overtime-wage claim has four elements.  First, there must be "an employee-employer relationship" between plaintiff and defendant.  *Zhong v. August August Corp*., 498 F.Supp.2d 625, 628 (S.D.N.Y. 2007).  Second, the FLSA applies only to "employees whose work involved some kind of interstate activity."  *Id.*.  Third, the complaint must allege the number of hours worked and the amount of unpaid wages.  *Zhong*, 498 F.Supp.2d at 628.  Fourth, if a plaintiff brings a collective action on behalf of others who allegedly are similarly situated, "the complaint should indicate who those other employees are, and allege facts that would entitle them to relief."  *Id.*

Therefore, Plaintiff Santana bears the burden of demonstrating that he is "similarly situated" to members of the proposed FLSA collective class.  *Hoffmann v. Sbarro, Inc*., 982 F. Supp. 249, 261 (S.D.N.Y. 1997).  Neither the FLSA nor its implementing regulations defines "similarly situated." *Id.*  However, District Courts in the Second Circuit routinely require that class-representative plaintiffs only make a "modest factual showing' that [they] and other putative collective action members were victims of a common policy or plan that violated the law."  *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998).  *See also*, *Hoffmann*, 982 F. Supp. at 261.  This requirement does not mean that Plaintiff must show that each individual plaintiff's job duties are perfectly identical; rather, Santana need only show that they are similar. *See Luque v. AT&T Corp*., No. C 09-05885 CRB, 2010 U.S. Dist. LEXIS 126545, at *11, 2010

<div align="center">11</div>

WL 4807088 (N.D. Cal Nov. 19, 2010); *Vaughan v. Mortg. Source LLC*, No. CV 08-4737 (LDW) (AKT), 2010 U.S. Dist. LEXIS 36615, at *9-*10, 2010 WL 1528521(E.D.N.Y. Apr. 14, 2010)).

Plaintiff Santana has failed to meet even the requisite "modest factual showing" that he and potential collective class members together were victims of a common policy or plan that violated the FLSA. Instead, Plaintiff does no more than assert similar situation based on the conclusory allegation that the putative class members "have had substantially similar job requirements and pay provisions and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them wages due to time-shaving and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek." Plaintiff's Complaint, ¶11. Plaintiff has failed to support his conclusory allegations with any facts that extend beyond his own circumstances. Plaintiff's Complaint is devoid of any facts that would suggest that the potential collective class members are indeed "similarly situated" with respect to their event assignments, supervisors, job duties/requirements, compensation, and/or employer policies. Once again, Plaintiff has failed to include factual allegations sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555.

Furthermore, Plaintiff Santana's allegations that he worked "off-the-clock" without compensation and that his timesheets were altered are "too individualized to warrant collective action treatment." *Diaz v. Electronics Boutique of Am., Inc.*, 2005 U.S. Dist. LEXIS 30382, *16, 2005 WL 2654270 (W. Dist. N.Y. 2005) (citing *Lawrence v. City of Philadelphia*, 2004 U.S. Dist. LEXIS 8445, 2004 WL 945139 (E.D.Pa. 2004) ("The 'off-the-clock' claim does not involve regularly scheduled time that is worked by all members of the class. Rather, each of the Plaintiffs may potentially claim that on any given day he or she arrived early or departed outside of his or

her regularly schedule hours and were not compensated for such.  The circumstances of those individual claims potentially vary too widely to conclude that in regard to their 'off-the-clock' claim, the Plaintiffs are similarly situated.").

Here, the questions of fact will differ for each putative collective class member, as each worked in different locations, with different supervisors, and thus would be unduly burdensome to manage as a collective claim.  Plaintiff Santana's individual claims require an examination of when he was scheduled to work, when he actually worked, whether he was paid for such and whether his time sheets were altered.  Then, the Court would have to conduct the same inquiry for each other class member.  Thus, all non-exempt employees "have not been shown [nor facts alleged that show them] to be similarly situated and plaintiff's speculative allegations do not rescue their claims from being 'insufficiently specific beyond their own [respective] circumstances.'"  *Id.* at *17-*18 (quoting *Levinson v. Premedia Inc.*, 2003 U.S. Dist. LEXIS 20010, 2003 WL 22533428 (S.D.N.Y. 2003).

# POINT IV

## DEFENDANTS ARE ENTITLED TO DISMISSAL OF PLAINTIFF'S NYLL CLAIMS BECAUSE PLAINTIFF CANNOT MEET THE REQUIREMENTS OF FEDERAL RULE OF PROCEDURE 23.

Unlike the FLSA, the NYLL does not provide a vehicle for plaintiffs to pursue a collective class action.  Any class action for NYLL violations must be alleged under Fed. R. Civ. P. 23. In order for a class action to be certified under Rule 23, it must satisfy the requirements of numerosity, commonality, typicality, and adequacy of representation.  Fed. R. Civ. P. Rule 23(a).  To the extent the Complaint seeks to assert a Rule 23 class action for alleged NYLL wage and hour claims, it fails miserably.

1.   <u>Numerosity</u>

The proposed class may only be certified if members are so numerous that joinder of all members would be impracticable.  Fed. R. Civ. P. 23(a)(1) ("One or more members of a class may sue ... as representative parties on behalf of all members only if... the class [and subclass are] so numerous that joinder of all members is impracticable.").  Determination of practicability depends on all the circumstances surrounding a case, not on mere numbers. Relevant considerations include judicial economy arising from the avoidance of a multiplicity of actions, geographic dispersions of class members, financial resources of class members, the ability of claimants to institute individual suits, and requests for prospective injunctive relief which would involve future class members.  *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993).  Precise quantification of class members is not necessary, so long as plaintiffs reasonably estimate the number to be substantial.  *See id*. at 935; *McNeill v. New York City Hous. Auth*., 719 F. Supp. 233, 252 (S.D.N.Y. 1989).  The Court of Appeals for the Second Circuit has held that a prospective class of forty or more raises a presumption of numerosity.  *See Consol Rail Corp. v. Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995).

Here, Plaintiff's Complaint contains no estimate of the size of the purported class, which is estimated by Defendants to consist of about 20 potential class members.  *See* Taylor Dec. ¶ 4. Plaintiff does not allege that he personally worked with "X" number of similarly-situated employees on the Company's events, nor has he provided a list of event support staff individuals whom he remembers working with at the Company.  Thus, not only is the Complaint silent on the numerosity requirement but the proposed class is not sufficiently numerous for a Rule 23 class to be plausibly pled.

> 2.    <u>Commonality</u>

To be certified as a class action under Rule 23(b)(3), a class representative plaintiff must show that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).  The requirement's purpose is to "ensure[] that the class will be certified only when it would 'achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural  fairness or bringing about other undesirable results.'"  *Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc*., 502 F.3d 91, 104 (2d Cir. 2007) (alteration omitted) (quoting *Amchem Prods. V. Windsor*, 521 U.S. 591, 615 (1997) (citation and internal quotation marks omitted).  The requirement therefore is satisfied "if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." *Moore v. PaineWebber, Inc*., 306 F.3d 1247, 1252 (2d Cir. 2002).

For the reasons discussed above, Plaintiff cannot meet even a "modest factual showing" under the FLSA necessary to demonstrate that he and potential class members together were

victims of a common policy or plan that violated the law, let alone the more stringent Rule 23 showing that questions of law or fact common to class members of the putative NYLL claims predominate over any questions affecting only individual class members.  Again, Plaintiff does no more than assert similar situation based on the conclusory allegation that the putative class members "have had substantially similar job requirements and pay provisions [to Plaintiff's], and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them wages due to time-shaving and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek."  Plaintiff's Complaint, ¶11.  Plaintiff has failed to support his conclusory allegations with any facts that extend beyond his own circumstances.  The Complaint is devoid of any facts that would plausibly show that the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof versus individualized proof.

3.   Typicality

The claims of the named proposed class representatives must be typical of the claims of the class they seek to represent.  Fed. R. Civ. P. 23(a)(3).  The crux of the requirement is that "'the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'"  *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997) (quoting *Gen. Tel of the Southwest v. Falcon*, 457 U.S. 147, 157 n. 13 (1982).  The requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert*, 960 F.2d 285, 291 (2d Cir. 1982).  Plaintiff's Complaint does not make any such factual allegations, other than its rote recitals.

4.      Adequacy of Representation

Named plaintiffs must fairly and adequately represent the interests of the proposed class. Fed. R. Civ. P. 23(a)(4).  A class representative must have no interests conflicting with the proposed class or subclass. *See Sosna v. Iowa*, 419 U.S. 393, 403 (1975). "The question of whether the named plaintiffs can fairly and adequately represent the class is one committed to the sound discretion of the district court." *County of Suffolk v. Long Island Lighting Co*., 710 F. Supp. 1407, 1413 (E.D.N.Y. 1989) (internal quotation omitted).

The adequacy of the proposed class representative is widely considered the most important of the Rule 23(a) factors because it directly implicates the due process rights of absent class members who will be bound by the judgment. *In re LILCO Sec. Litig*., 111 F.R.D. 663, 672 (E.D.N.Y. 1986) (citing *Hansberry v. Lee*, 311 U.S. 32 (1940)).  In order to satisfy the adequacy requirement, a class representative "must be 'aware of the basic facts underlying the lawsuit and not likely to abdicate his obligations to fellow class members.'" *In re Monster Worldwide, Inc. Sec. Litig*., 251 F.R.D. 132, 135 (S.D.N.Y. 2008) (quoting *Wagner v. Barrick Gold Corp.*, 251 F.R.D. 112, 2008 U.S. Dist. LEXIS 15811, 2008 WL 465115 (S.D.N.Y. Feb. 15, 2008)(internal quotation marks and alterations omitted).  "[T]he requirement is modest: class representative status may be denied only 'where the class representatives have so little knowledge of and involvement in the class action that they would be unable or unwilling to protect the interests of the class against the possibly competing interests of the attorneys.'" *Id.* (quoting *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp*., 222 F.3d 52, 61 (2d Cir. 2000) (internal quotation marks omitted).

Given the dearth of factual allegations in the Complaint, it is clear that Plaintiff Santana is unaware of and does not have knowledge of the basic facts underlying the lawsuit sufficient to meet Rule 23's representation requirement.

## COUNT V

## THE CLAIMS IN THE COMPLAINT OF "WILLFUL" VIOLATIONS OF THE FLSA MUST ALSO BE DISMISSED.

A cause of action under the FLSA "accrues on the regular payday immediately following the work period for which services were rendered and not properly compensated." *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 337 (S.D.N.Y. 2005). A plaintiff must raise a violation of the FLSA within two years from the date the cause of action accrued, unless it is a willful violation, for which the statutory limitations period is extended to three years. 29 U.S.C. § 255(a). A violation is "willful" if the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited" by the FLSA. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009). "Reckless disregard" is "the failure to make adequate inquiry into whether conduct is in compliance with the [FLSA]." 5 C.F.R. § 551.104. The plaintiff bears the burden of proving willfulness, and "[a]ll that is required is that the employer knew or had reason to know that it was or might have been subject to the FLSA." *Donovan v. Kaszycki & Sons Contractors*, Inc., 599 F. Supp. 860, 870 (S.D.N.Y. 1984).

As previously stated, in order to survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff's Complaint is devoid of any factual allegations sufficient to state a claim the Company knowingly and willfully operated its business in violation of the FLSA. See Complaint, ¶¶22 and Count I. That being the case, Defendants are entitled to dismissal of the claims in the Complaint for liquidated damages under the FLSA and concomitantly the claim to a review of three years of wage payments, rather than two years prior to the filing of the Complaint.

18

## CONCLUSION

For the foregoing reasons, Defendants DeJuan Stroud, Inc. and B. DeJuan Stroud respectfully urges that Plaintiff's Complaint be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Respectfully submitted,

**SCHOEMAN UPDIKE KAUFMAN
& GERBER LLP**
*Attorneys for Defendants,
DeJuan Stroud, Inc. and DeJuan Stroud*

By:   _/s/Steven Gerber_____

Dated: June 25, 2018                                    Steven Gerber

19