# Lee Litigation Group, PLLC
30 East 39th Street, Second Floor
New York, NY 10016
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct: (212) 465-1188
cklee@leelitigation.com

October 26, 2018

**Via ECF**
The Honorable Judge Vernon S. Broderick, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:  *Santana v. DeJuan Stroud, Inc., et al.*
Case No.: 18-cv-3402

Dear Judge Broderick:

We are counsel to Plaintiff and we write jointly with counsel to Defendants. We write to respectfully request that the Court approve the settlement and dismiss this action in its entirety. Attached hereto as **Exhibit A**, please find the parties' settlement agreement (the "Settlement Agreement").

**I.   Legal Standard**

The court in *Wolinsky* sets forth the following criteria for determining whether a proposed settlement is fair and reasonable:

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted).  *See also Cheeks v. Freeport Pancake House, Inc.*, 769 F.3d 199, 206 (2d Cir. 2015).

In this matter, the parties have reached a settlement of $22,500, which provides recovery of a portion of Plaintiff's alleged back wages, plus recovery of Plaintiff's counsel's legal fees. Based on the above criteria, the agreement is fair and reasonable and should be approved by the Court.

**II.  Settlement Between Plaintiff and Defendants is Objectively Fair, Adequate and Reasonable**

*Plaintiff's Range of Possible Recovery*

Pursuant to the terms of the parties' Settlement Agreement, Defendants are paying the total sum of $22,500.00; $14,733.34 of which represents the settlement amount to be allocated to Plaintiff Federico Santana. Attached hereto as **Exhibit B** are damage calculations for Plaintiff's alleged unpaid compensation, calculated to be $65,040.14 in back wages (22.65% recovery).

Plaintiff's damage calculations assume that all the facts alleged by Plaintiff are entirely correct. However, Defendants have contested most of Plaintiff's allegations and contend that Plaintiff is owed significantly less, if anything. Specifically, Defendants allege that Plaintiff was a seasonal employee, who worked on an as-needed basis and did not work the amount of time alleged by Plaintiff. If Defendants were to succeed at trial in establishing that Plaintiff was actually paid for all hours worked, including his overtime premium, or that Plaintiff worked less hours than alleged, Plaintiff's damages would be significantly reduced, and he would run the risk of obtaining less than the payment he is receiving in the settlement, if anything.

*The General Release*

Although *Cheeks* limits releases in FLSA settlement agreements, the Plaintiff in this matter has an additional claim for discrimination which he had filed with the New York State Division of Human Rights. The purpose of the settlement is to fully resolve any and all matters between the parties, including Plaintiff's alleged discrimination claims. The parties would not have otherwise entered into the settlement but for their understanding that the settlement payment would completely and entirely resolve any and all issues current and future disputes between the parties pertaining to Plaintiff's employment with Defendants.

While courts in this Circuit have, at times, rejected approving general releases, there is no blanket prohibition on such a release and, in fact, Courts in this Circuit have approved broad releases. *See, e.g., Panganiban v. Medex Diagnostic & Treatment Ctr., LLC*, 2016 WL 927183, at *3 (E.D.N.Y. Mar. 7, 2016) (approving general release); *Weng v. T&W Rest., Inc.*, 2016 WL 3566849, at *5 (S.D.N.Y. June 22, 2016) (approving general release, but rejecting settlement on other grounds); *Souza*, 2015 WL 7271747, at *5 (approving general release of claims, but modifying to be mutual); *Cionca v. Interactive Realty, LLC*, 2016 WL 3440554, at *4 (S.D.N.Y. June 10, 2016) (approving mutual general release).

*The Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses and The Parties Face Serious Litigation Risks*

Plaintiff wishes to avoid the risk in establishing liability and damages. There is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks to Plaintiff because of the fact-intensive nature of proving liability under the FLSA, and in light of the defenses available to Defendants. Plaintiff believes the amount of $22,500 is a fair result, obtaining a portion of the alleged back wages owed, after the deduction of attorney's fees, while eliminating the risks of trial.

*<u>The Settlement is a Result of Arm's-Length Negotiation and There is no Possibility of Fraud or Collusion</u>*

The proposed settlement is fair and reasonable because Plaintiff and Defendants were represented by competent and experienced counsel during the litigation and settlement process. There was an exchange of relevant information and an open sharing of facts. The parties negotiated vigorously and were able to reach an agreement in which Plaintiff would receive recovery of a portion of the alleged back wages, plus attorneys' fees, eliminating all liability against Defendants, and eliminating the burdens and costs of trial.

### III. The Attorneys' Fees are Fair and Reasonable

Pursuant to the Settlement Agreement, of the $22,500.00 settlement amount, $7,366.66 is allocated to attorneys' fees and $400.00 in costs. The legal fees equal 1/3 of the settlement amount after the deduction of costs, which is routinely approved as attorney's fees in such FLSA matters.

Plaintiffs' counsel's fees of $7,366.66 is fair and reasonable given the time spent by Plaintiff's counsel. Such work includes interviewing the Plaintiff, investigating the identity of Defendants, preparing a Complaint, preparing damages calculations, negotiating with Defendants' counsel, correspondence with Defendants' counsel, correspondence with the Court, preparing and serving Defendants with discovery demands, analyzing Defendants' Motion to Dismiss, drafting an Amended Complaint, negotiating a settlement with Defendants, preparing and revising the settlement agreement, and preparing this submission.

In view of the foregoing, we respectfully request that the Court approve the Settlement Agreement attached as **Exhibit A** and dismiss the matter in its entirety. We thank Your Honor for considering this matter.

Respectfully submitted,

   */s/ C.K. Lee*
C.K. Lee, Esq.