```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
FEDERICO SANTANA,                                           :
                                                            :
                              Plaintiff,                    :
                                                            :         18-CV-3402 (VSB)
              -v-                                           :
                                                            :              ORDER
DEJUAN STROUD, INC., et al.,                                :
                                                            :
                              Defendants.                   :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/28/2019

VERNON S. BRODERICK, United States District Judge:

On April 18, 2018, Plaintiff Federico Santana filed this action against Defendants DeJuan Stroud, Inc. and B. DeJuan Stroud, alleging violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, *et seq.*, and the New York Labor Law (the "NYLL"). (*See generally* Doc. 5.)[1] Plaintiff alleges various violations of the FLSA and NYLL, including that Defendants failed to pay him required overtime compensation for all hours worked in excess of forty hours per week. (*Id.*)

On September 14, 2018, I was informed that the parties had reached a settlement in principle. (*See* Doc. 25.) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). "A reasonable agreement must 'reflect a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought

---

[1] Plaintiff filed an amended complaint, which sets forth the same two causes of action, on July 23, 2018. (Doc. 21.)

about by an employer's overreaching.'" *Lopez v. Ploy Dee, Inc.*, No. 15-cv-647 (AJN), 2016 WL 1626631, at *1 (S.D.N.Y. Apr. 21, 2016) (quoting *Mamani v. Licetti*, No. 13-CV-7002 (KMW)(JCF), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014)).  On October 26, 2018, the parties submitted a joint letter detailing why they believe the settlement reached is fair and reasonable, (Doc. 29), along with a signed copy of their settlement agreement ("Settlement Agreement"), (Doc. 29-1), and estimated damages calculations, (Doc. 29-2).  Because the Settlement Agreement contains overly broad releases, I find that the Settlement Agreement is not fair and reasonable.

## I.  Legal Standard

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted); *see also Beckert v. Rubinov*, No. 15 Civ. 1951(PAE), 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015).  "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Xiao v. Grand Sichuan Int'l St Marks, Inc.*, Nos. 14-CV-9063 (RA), 15-CV-6361 (RA), 2016 WL 4074444, at *2 (S.D.N.Y. July 29, 2016) (quoting *Pavon v. Daniel's Bagel Corp.*, No. 15 CV 8376 (LTS) (SN), 2016 WL 3960555, at *1 (S.D.N.Y. July 12, 2016)).

## II. Discussion

I have independently reviewed the Settlement Agreement and supporting submissions provided by the parties, (Doc. 29), to determine whether the terms of the Settlement Agreement are fair, reasonable, and adequate. I do not find the Settlement Agreement to be fair and reasonable because the Settlement Agreement contains overbroad releases. As a result of this finding, I have not considered in this Order whether the settlement amount and requested attorney's fees are reasonable.

I will not approve the sweeping release provision in the parties' Settlement Agreement. (Doc. 29-1, § 3.) "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)). For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'" *Cionca v. Interactive Realty, LLC*, No. 15-CV-5123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)).

The general release provision in the parties' Settlement Agreement is too broad to survive judicial scrutiny.  Pursuant to the release provision, Plaintiff releases Defendants

> from all contract actions, tort actions, statutory actions[,] . . . and various state and local laws, administrative actions, and constitutional claims . . . for which Plaintiff had, has, or hereafter may have against Defendants, including, but not limited to any and all claims, damages, or losses, known or unknown, directly or indirectly sustained by Plaintiff in connection with any matter arising out of his employment or any other relationship with Defendants, or any other facts or occurrences from the beginning of time up to and including the date and time he executes this Agreement . . . .

 (Doc. 29-1, § 3.)  This provision is overbroad: it requires Plaintiff to waive any claim, of any type, against Defendants as long as it has accrued as of the date Plaintiff executes the agreement.  In their joint letter, the parties attempt to justify the broad wording of the release by explaining that it was their goal "to fully resolve any and all matters between the parties, including Plaintiff's alleged discrimination claims."  (Doc. 29, at 2.)  If the parties wish to revise the release to encompass both the wage-and-hour claims alleged in the complaint and the discrimination claims identified by Plaintiff, they may do so; however, I will not endorse a sweeping release that waives virtually any hypothetical claim that Plaintiff may have against Defendants.

Because this provision does not meet the standards for approval established by courts in this district, I decline to assess the reasonableness of the settlement amount and the requested attorney's fees at this time.  I note, however, that Plaintiff's counsel failed to submit documentation providing a factual basis for the request that 33% of the settlement amount be used to pay attorney's fees.  I will not approve a future request for attorney's fees in the absence of such information.  *See Beckert*, 2015 WL 6503832, at *2 (in order to assist a court in making a reasonableness determination with regard to attorney's fees, "counsel must submit evidence providing a factual basis for the award [of attorney's fees]" (internal quotation marks omitted)).

Should the parties elect to file a revised proposed settlement agreement, Plaintiff's counsel is directed to submit evidence—including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done," *Nights of Cabiria*, 96 F. Supp. 3d at 181 (quoting *Wolinsky*, 900 F. Supp. 2d at 336)—providing a factual basis for the attorney's fees requested in the joint letter.

### III. Conclusion

For the reasons stated above, I find that the parties' Settlement Agreement is not fair and reasonable. Accordingly, the parties' request that I approve their Settlement Agreement is DENIED without prejudice. The parties may proceed by either:

1. Filing a revised proposed settlement agreement within twenty-one (21) days of the date of this Order that cures the deficiencies discussed above; or

2. Filing a joint letter within twenty-one (21) days of the date of this Order that indicates the parties' intention to abandon settlement, at which point I will set a date for a status conference.

SO ORDERED.

Dated: May 28, 2019
       New York, New York

_____
Vernon S. Broderick
United States District Judge