```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
FEDERICO SANTANA,                                           :
                                                            :
                              Plaintiff,                    :
                                                            :           18-CV-3402 (VSB)
                -v-                                         :
                                                            :              **ORDER**
DEJUAN STROUD, INC., et al.,                                :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/1/2019__

VERNON S. BRODERICK, United States District Judge:

On May 28, 2019, I issued an Order denying without prejudice the parties' proposed settlement agreement in light of the parties' inclusion of an overbroad release (the "May 28 Order," Doc. 32).[1]  I instructed the parties that they may proceed by either (1) filing a revised proposed settlement agreement that cures the deficiencies outlined in my May 28 Order, or (2) filing a joint letter indicating their intention to abandon settlement.  (*Id.*)  The parties have submitted a revised settlement agreement that amends the release in accordance with my May 28 Order.  (*See* Doc. 34-1, § 3.)  Because the revised release complies with the parameters set forth in my May 28 Order, I find the revised release to be fair and reasonable.

I now separately address the settlement amount and the reasonableness of the requested attorney's fees.  Having reviewed the revised settlement agreement, (Doc. 34-1); the parties' letters filed in support of both the original and revised settlement agreements, (Docs. 29, 34); and the detailed billing records submitted by Plaintiff's counsel in response to my May 28 Order,

---

[1] I assume the parties' familiarity with the background of this action, which is set forth in my May 28 Order.  (Doc. 32.)

(Doc. 34-2), I find that the agreement is fair and reasonable under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and its progeny.  The total settlement amount is $22,500.00, of which Plaintiff will receive $14,733.34, and his counsel will receive $7,366.66 to cover legal fees, and $400.00 to cover costs.  (Doc. 29.)  The settlement amount is approximately 23 percent of the total back wages that would be available to Plaintiff after trial, if he succeeded on all of his claims.  (*Id.*)  This percentage recovery is well within the potential recoveries that other courts have found to be reasonable.  *See, e.g.*, *Raniere v. Citigroup Inc.*, 310 F.R.D. 211, 219 (S.D.N.Y. 2015) (finding that 22.8% recovery was fair and reasonable).

With regard to the requested attorney's fees, Plaintiff's counsel will receive one third of the total settlement amount (after the deduction of costs) in attorney's fees.  (Doc. 29.)  Courts in this district routinely find awards of one-third of the total recovery as a fee to be reasonable.  *See Febus v. Guardian First Funding Grp., LLC*, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) ("a fee that is one-third of the fund is typical" in FLSA cases).  The settlement is therefore APPROVED, and this action is DISMISSED with prejudice.

SO ORDERED.

Dated: November 1, 2019
      New York, New York

Vernon S. Broderick
United States District Judge